933 P.2d 1248

**In the Matter of the APPEAL IN MAR-ICOPA COUNTY JUVENILE AC-TION NO. JV–132744.**

**No. 1 CA–JV 96–0041.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 1, 1996.

Review Denied March 25, 1997.

Dean W. Trebesch, Maricopa County Public Defender by Susan G. White, Deputy Public Defender, Phoenix, for Appellee.

Richard M. Romley, Maricopa County Attorney by Jeffrey W. Pitts, Deputy County Attorney, Phoenix, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

The Juvenile pleaded guilty to sexual contact with a minor. He appeals an order requiring him to register as a sex offender pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 13–3821 (Supp.1995). He asserts that the statutory scheme is unconstitutional because it permits the juvenile court to exercise jurisdiction over the Juvenile beyond his eighteenth birthday, impermissibly impinges on the confidentiality of juvenile proceedings, and is an unconstitutional *ex post facto* law. We disagree, and we affirm.

The juvenile registration requirement is found in A.R.S. section 13–3821, which, in pertinent part, reads:

A. A person who has been convicted of a violation or attempted violation of any of the following offenses or who has been convicted of an offense committed in another jurisdiction which if committed in this state would be a violation or attempted violation of any of the following offenses shall, within ten days after the conviction or within ten days after entering any county of this state for the purpose of residing or setting up a temporary domicile for ten days or more, register with the sheriff of the county in which the person resides or sets up temporary domicile:

. . . .

2. Sexual conduct with a minor pursuant to § 13–1405.

. . . .

C. The court may require a person who has been adjudicated delinquent for an act that would constitute an offense specified in subsection A or B of this section to register pursuant to this section. Any duty to register under this subsection shall terminate when the person reaches the age of twenty-five.

Access to the registration information is restricted to criminal justice agencies. A.R.S. §§ 13–3823 (1989) and 41–1750 (Supp. 1995). Registrants have a continuing duty to notify the sheriff of a change of address. A.R.S. § 13–3822 (Supp.1995). A failure to register and notify the sheriff of a change of address is punishable as a class six felony. A.R.S. § 13–3824 (1989).

## THE STATUTES DO NOT EXTEND THE JURISDICTION OF THE JUVENILE COURT

■ The Juvenile argues that A.R.S. section 13–3821(C) is an unconstitutional expansion of the juvenile court's jurisdiction because it allows the juvenile court to exercise control over him after he reaches age eighteen. Article VI, section 15 of the Arizona Constitution provides that "[t]he superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years." The superior courts act as the juvenile court when they exercise their jurisdiction under Article VI, section 15. *Maricopa County, Juvenile Action No. J–74275*, 117 Ariz. 317, 572 P.2d 451 (App.1977). The juvenile court retains its jurisdiction over a juvenile only until the child reaches eighteen years of age. A.R.S. § 8–202(E) (Supp.1995).

We reject the Juvenile's argument that the statute constitutes an exercise of the juvenile court's jurisdiction after the juvenile reaches the age of eighteen. If the juvenile court

orders a juvenile to register, it necessarily exercises its discretion at a time when the court does have jurisdiction over the juvenile. The juvenile court loses jurisdiction once a juvenile who has registered reaches the age of eighteen. At that time, by virtue of the statute, the status of a registrant continues until the registrant reaches age twenty-five. Redress for a failure to keep the sheriff advised of a change of address after the registrant turns eighteen does not reside in the juvenile court, but depends upon the filing of a new criminal charge in the adult court.

We recently addressed a closely related question in *Maricopa County Juvenile Action Nos. JV–512600 and JV–512797*, 187 Ariz. 419, 930 P.2d 496 (App.1996). In that case the juveniles questioned the jurisdiction of the juvenile court to require them to take a DNA test, the results of which could be used for any law enforcement identification purpose, even after they were eighteen years of age. The juveniles argued that Article VI, section 15 of the Arizona Constitution limits the power of the juvenile court to persons under the age of eighteen. We disagreed with the juveniles. We noted that the last sentence of section 15 states that " '[t]he powers of the judges to control such children shall be as provided by law' " and went on to say that this means that once the juvenile court has acquired jurisdiction of a person it may continue to control that person as the legislature directs. 187 Ariz. at 423, 930 P.2d at 500–01. We concluded that the juvenile court could order DNA tests and the results of those tests could be used after the juveniles passed their eighteenth birthdays.

■ At least one court has addressed the question of registration of juvenile sex offenders under a slightly different statutory scheme. In *State v. Acheson*, 75 Wash.App. 151, 877 P.2d 217 (1994), the court upheld a Washington statute which required a juvenile to register as a sex offender and remain registered past the age of majority. The Washington statute did not require the juvenile court to order registration, but it did require the court to notify the juvenile offender of the legal requirement that he register as a sex offender. The juvenile's argument that this order constituted an impermissible exercise of juvenile jurisdiction beyond the time when he reached his majority was rejected on the grounds that the registration was not court ordered but arose solely by virtue of the statute. Although the court in Arizona does order juveniles to register, *Acheson* is relevant because it inferentially acknowledges the same principle we applied in *Maricopa County Juvenile Action Nos. JV–512600 and JV–512797*: The legislature may enact a statute which applies to juveniles who have been adjudicated delinquent and which requires them to do something even after they reach the age of majority.

## SECTION 13–3821 DOES NOT VIOLATE THE CONFIDENTIALITY OF JUVENILE PROCEEDINGS

■ The Juvenile next argues that A.R.S. section 13–3821 violates the confidentiality of juvenile proceedings. We disagree. Traditionally, juvenile proceedings have been confidential. *See, e.g.*, A.R.S. § 41–1750(Z)(5) (excluding information relating to juveniles from the definition of "criminal history record information" unless adjudicated as adults). Recently, however, this confidentiality has eroded. *See, e.g.*, A.R.S. § 8–208 (Supp.1995) (providing for the release of juvenile records to law enforcement agencies when a person is arrested, charged, or convicted in superior court for a criminal offense); Ariz.R.Juv.Proc. 7(c) (Supp.1995) (providing for public attendance at juvenile hearings involving certain serious offenses); Ariz.R.Juv.Proc. 13 (Supp.1995) (requiring all juvenile transfer hearings to be open to the public absent a juvenile judge's written findings); Ariz.R.Juv.Proc. 19.1 (allowing public inspection of a juvenile's file in various instances). More important, the registration and information pertaining to it are available only to law enforcement agencies and are not included in the information available under the recently enacted community notification

law. *See* A.R.S. § 13–3825(F) (Supp.1995) (community notification provisions of section 13–3825 not applicable to registration requirements of section 13–3821 if offense was adjudicated by a juvenile court). Accordingly, the registration requirements of sections 13–3821 and 13–3822 do not violate any rule of confidentiality.

### THE RETROACTIVE APPLICATION OF THE REGISTRATION REQUIREMENT DOES NOT VIOLATE THE *EX POST FACTO* CLAUSES OF THE FEDERAL AND STATE CONSTITUTIONS

 The Juvenile also contends that since his offense predated the adoption of the statute requiring him to register, it violates the proscription against *ex post facto* laws found in both the federal and state constitutions. *See* U.S. Const. art. I, § 10; Ariz. Const. art. II, § 25.

In *State v. Noble*, 171 Ariz. 171, 829 P.2d 1217 (1992), the Supreme Court of Arizona concluded that retroactive application of the sex offender registration requirement was regulatory rather than punitive and therefore not violative of any constitutional proscription of *ex post facto* laws. The court, following *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), balanced the following factors in reaching this conclusion: whether registration is an affirmative disability or restraint; whether registration has historically been regarded as punishment; whether registration serves the traditional deterrent function of punishment; and whether registration is excessive in relation to an alternative, non-punitive purpose. The court concluded that the most significant factor in the balance was that the overriding purpose of the registration requirement was intended to facilitate the location of sex offenders, a purpose unrelated to punishing offenders for past offenses.

The Juvenile argues that the holding in *Noble* does not apply to juveniles. He asserts that a registration requirement affects juveniles more harshly than it does adults, thus tipping the balance in favor of the conclusion that as to juveniles, the regulation is punitive and not regulatory. His argument

has three facets. First, he says that since juvenile adjudication records remain closed, juveniles suffer more when they are required to register than do adults, whose criminal case files are a matter of public record. Second, he argues that registration is counter to the emphasis on rehabilitation that is supposed to be the main purpose of juvenile proceedings. Third, invoking a factor from *Kennedy v. Mendoza–Martinez* that our supreme court did not discuss in *Noble*, the Juvenile argues that his crime was one that required scienter, a factor that is often immaterial to a regulatory scheme.

The Juvenile's arguments are not of sufficient weight to remove juveniles from the holding in *Noble*. The fact remains that, as in *Noble*, the overriding purpose of the statute is to facilitate the location of offenders and that purpose is unrelated to punishing the offender for past crimes.

The adjudication and disposition of the juvenile court is affirmed.

SULT, P.J., and GERBER, J., concur.