HOWE, Judge,
specially concurring.
¶ 13 I concur in the court’s decision to decline jurisdiction and its reliance on State v. Paris-Sheldon, 214 Ariz. 500, 154 P.3d 1046 (App.2007). By waiting nearly five months to complain about the dismissal of the information, and then making his complaint in proceedings under the subsequent indictment, Earl has waived his claim that the dismissal should have been with prejudice. Although the dissent maintains that our decision puts the trial court’s dismissal “beyond any opportunity for review,” the fault lies not with our decision, but with Earl’s failure to diligently seek review.
¶ 14 Our decision to decline jurisdiction obviates the need to address the underlying merits of the petition, whether the trial court abused its discretion in finding that the dismissal of Earl’s original information did not violate Arizona Rules of Criminal Procedure *580 8 and 16.6(a). Although the dissent disagrees with the decision to decline jurisdiction, the dissent also analyzes the merits of the alleged rule violations. I write separately to respectfully express concern about two points in that analysis.
¶ 15 First, the dissent finds that “[t]he purpose of the dismissal and refiling is clear: The state was unprepared to proceed to trial on the scheduled date, and its chosen procedure enabled it to grant the functional equivalent of a continuance without demonstrating good cause to the court.” (Dissent at ¶ 32). But this is contrary to the trial court’s finding that “the State did not act inappropriately in any way.”
¶ 16 This court reviews the denial of a motion to dismiss charges for an abuse of discretion. State v. Espinoza, 229 Ariz. 421, 424 ¶ 15, 276 P.3d 55, 58 (App.2012). An abuse of discretion is “an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons.” State v. Wassenaar, 215 Ariz. 565, 570 ¶ 11, 161 P.3d 608, 613 (App.2007) (quoting State v. Woody, 173 Ariz. 561, 563, 845 P.2d 487, 489 (App.1992)). Our role is neither to second-guess the trial court nor to substitute our judgment for the trial court’s. State v. Chappie, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983), superseded by statute, AR.S. § 13-756, as recognized in State v. Benson, 232 Ariz. 452, 467 ¶ 66, 307 P.3d 19, 34 (2013). We defer because a trial court “has a more immediate grasp of all the facts of the ease, an opportunity to see the parties, lawyers and witnesses, and ... can better assess the impact of what occurs” in court. Id.
¶ 17 Applying these principles, the trial court was better positioned than this court to determine whether the State had good cause to dismiss or moved to dismiss solely to avoid the Rule 8 time limits. Not only did the trial court have briefing and oral argument, but it was also able to assess the prosecutor’s demeanor and credibility as he explained the reason for the dismissal. Unless we can fairly say that the trial court’s finding is “manifestly unreasonable” or based on “untenable grounds or untenable reasons,” we as an appellate court must defer to the trial court.
¶ 18 The dissent identifies nothing in the record showing that the trial court’s finding was manifestly unreasonable or untenable. At the hearing on Earl’s motion to dismiss, the State explained that it had sought the dismissal of the information and then obtained a new indictment because circumstances had changed since the filing of the information. The State had learned at the settlement conference that the evidence might not support a charge that Earl had obtained the car by making a material misrepresentation on the loan documents. Still believing that Earl had committed theft by not returning the ear, however, the State recharged Earl under a more appropriate subsection of the theft statute, which required proof that Earl controlled the property of another with the intent to deprive the owner of the property without regard to any misrepresentation. In response to Earl’s argument that the State did not need to dismiss the information to pursue a new theory of the crime of theft because theft is a “unified offense,” the State argued that it could not obtain an indictment under one theory and then present a different theory to the trial jury. The State concluded that “we took the case back to the Grand Jury in order to obtain an indictment on new facts and circumstances and under a different subsection of the statute. That was the purpose of taking the case back to Grand Jury. It wasn’t for the purpose of delay.” [2]
*581 ¶ 19 Under these circumstances, I would hesitate to find — as the dissent implicitly does — that the trial court’s finding that “the State did not act inappropriately in any way” is unreasonable or untenable. The record does not support the dissent’s belief that the State was unprepared to try its case under Rule 8’s time limits.
¶20 The second difficulty with the dissent’s analysis is its statement that if the State discovers that “it is unprepared for whatever reason to begin trial before the last day,” its only recourse is to request pursuant to Arizona Rules of Criminal Procedure 8.4 and 8.5 that the trial be continued and the time excluded from the time computation. (Dissent at ¶ 34; emphasis added). But this is not correct. Although the State is free to use that procedure if it chooses, it may also move to dismiss the indictment or information pursuant to Rule 16.6(a) if it has “good cause therefor” and if “the dismissal is not to avoid the provisions of Rule 8.” See State v. Johnson, 113 Ariz. 506, 508, 557 P.2d 1063, 1065 (1976) (“Absent a showing of bad faith on the part of the prosecution or prejudice to the defendant, the State may move to dismiss a prosecution, and the court may grant the motion, at any time.”). Once the case is dismissed, the Rule 8 time limits begin anew. State v. Mendoza, 170 Ariz. 184, 187, 823 P.2d 51, 54 (1992).
¶ 21 In this case, the State sought dismissal of the information so that it could present the case to the grand jury under the correct theory of the offense. A trial court could reasonably find that this was “good cause” and “not to avoid the provisions of Rule 8.” See Johnson, 113 Ariz. at 508, 557 P.2d at 1065 (holding that if the State’s criminal complaint against defendant had a jurisdictional defect, “the prosecution had the right to attempt to correct the defect and a motion to dismiss is one method of doing this”). The law does not support the statement that the State is limited to seeking a continuance and asking that time be excluded from the Rule 8 time computation.
¶ 22 Although I disagree with the dissent on these points, I leave their resolution for a ease in which the defendant has properly preserved his claim for review. I agree with the decision to decline jurisdiction.

. The dissent maintains that the State could not use its change in theory as a reason to dismiss because "a theft charge need not specify the particular subsection of the theft statute the defendant is accused of violating." (Dissent at ¶31). Although that may be an accurate statement of law about indicting a defendant for theft, the State may nevertheless have reasons to afford a defendant greater notice than might be required. It may simply want to ensure that the defendant is correctly apprised of the theory of liability, if not for justice’s sake, at least for the sake of avoiding an issue on appeal. The trial court recognized the State’s concern, noting that "[sjurely the Defendant would cry foul if the State did not amend the charging document to reflect the results of its investigation from the first case and give notice of the theory it was proceeding under.” But even if the State was not required to seek a new charging document to change its theory of the offense, the issue is whether the State had a reason to dismiss other than to avoid the Rule 8 time limits. The record so shows.