NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE BRYAN D.

No. 1 CA-JV 20-0212
FILED 1-28-2021

Appeal from the Superior Court in Maricopa County
No.  JV601520
The Honorable Keelan J. Bodow, Judge *Pro Tempore*

**VACATED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

**S W A N N**, Chief Judge:

**¶1**        Bryan D. appeals the juvenile court's order requiring him to register as a sex offender.  For the following reasons, we vacate the court's order.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In May 2018, Bryan, then fifteen years old, admitted to one count of sexual abuse.  The juvenile court sentenced Bryan to probation and ordered that his potential sex offender registration be deferred until Bryan completed a rehabilitative program at Youth Development Institute and his probation terms.  Bryan participated in treatment at the Youth Development Institute, but the discharge summary indicated Bryan did not successfully meet his treatment goals.

**¶3**        The juvenile court eventually held a hearing to review Bryan's status and determine if sex offender registration was appropriate.  The hearing was held in June 2020, and the court was aware Bryan's eighteenth birthday was the following day.  At the hearing, the court ordered Bryan to register as a sex offender until the age of twenty-five.  The court signed the registration order on Bryan's eighteenth birthday but filed the order three days later.  Bryan appeals.

## DISCUSSION

**¶4**        A juvenile court has subject matter jurisdiction over juvenile adjudication, including over ordering sex offender registration, while the juvenile is under eighteen.  *State v. Espinoza*, 229 Ariz. 421, 427, ¶ 24 (App. 2012); *see* A.R.S. §§ 8-202, -246.  A final order of the juvenile court "shall be by minute entry or separate written order."  Ariz. R.P. Juv. Ct. 104(A); *In re Michelle G.*, 217 Ariz. 340, 344, ¶ 14 (App. 2008) (finding a juvenile court order becomes final "when it [i]s signed by the judge and filed by the clerk of the court").

**¶5**        Bryan argues, and the State concedes, the juvenile court did not have subject matter jurisdiction to enter the order requiring Bryan to register as a sex offender because the order was filed after Bryan's eighteenth birthday.  Though the court orally pronounced the order to file as a sex offender before Bryan turned eighteen, the court did not file the written order until three days after Bryan's birthday.  Because the order was not final under the Rules of Procedure for the Juvenile Court until it was filed, the court no longer had subject matter jurisdiction over Bryan at the time it was filed.  *Espinoza*, 229 Ariz. at 426, ¶¶ 20, 23.

## CONCLUSION

**¶6** We vacate the juvenile court's order requiring Bryan to register as a sex offender.



AMY M. WOOD • Clerk of the Court
FILED: AA