**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernest BOLTON, Defendant–Appellant.**

**Nos. 87–2595 and 89–1152.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 14, 1989.

Decided Jan. 18, 1990.

Rehearing Denied March 15, 1990.

Daniel A. Dupre (argued) and Robert W. Kent, Jr., Asst. U.S. Attys., Office of the U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Constantine J. Gekas (argued), Harvitt & Gekas, Chicago, Ill., for defendant-appellant.

---

Before CUMMINGS, FLAUM and MANION, Circuit Judges.

PER CURIAM.

Defendant Ernest Bolton was the subject of three indictments. He was tried under the third indictment, which was returned by the Special October 1984 Grand Jury of the Northern District of Illinois on February 3, 1987. He was a health inspector for the Department of Consumer Services of the City of Chicago. Count One charged Bolton with racketeering conspiracy in violation of 18 U.S.C. § 1962 and involved allegations that he took bribes in return for favorable inspections. Counts Two through Twelve and Count Fourteen alleged extortion in violation of 18 U.S.C. § 1951, while Count Thirteen alleged attempted extortion also in violation of 18 U.S.C. § 1951. An eight-day jury trial began on February 17, 1987, before Judge Getzendanner and resulted in a verdict of guilty on Count One (racketeering conspiracy), Counts Three, Seven, Nine and Twelve (extortion), and not guilty on Count Thirteen (attempted extortion). Because the jury could not reach a verdict on the remaining counts, a mistrial was declared as to them. Defendant was sentenced to concurrent terms of imprisonment of three years on Counts One, Three, and Seven, and concurrent terms of five years' probation on Counts Nine and Twelve.

On March 7, 1988, this Court remanded the case to determine whether any of the indictments against Bolton were valid under *United States v. Taylor*, 841 F.2d 1300 (7th Cir.1988), certiorari denied *sub nom. Rosenstein v. United States*, — U.S. —, 108 S.Ct. 2904, 101 L.Ed.2d 937, because of questions regarding the validity of the Grand Jury that indicted him. The district court[1] found that the original indictment

against the defendant was valid and did not discuss the second and third indictments. The defendant filed two notices of appeal, one with respect to the judgment sentencing him and the other with respect to Judge Norgle's order on remand finding that the original indictment was valid. The appeals were consolidated by this Court. We now reverse the convictions and remand the case to the district court with instructions to dismiss the third indictment under which the defendant was tried.

Subsequent to the decision in *Taylor*, we decided the issue presently before us, namely whether the Special October 1984 Grand Jury's term had been properly extended after October 1, 1986, when its first extension had expired. In the appended order, *United States v. Clemenic*, No. 88–3294, 886 F.2d 332 (August 21, 1989), we held that the Grand Jury's term had not been validly extended, so that any indictment by that body after October 1, 1986, was a nullity and therefore there was no jurisdiction to try Clemenic. We did not publish that order because we were then advised that the problem was unique and that Clemenic had already been reindicted.

At the oral argument of the present case, we were advised by the government counsel that this is the last case presenting this problem, and in a post-argument letter of December 20, 1989, the United States Attorney advised us that Bolton can be reindicted and tried by virtue of 18 U.S.C. § 3288, which gives the government 60 days to file a new indictment after the dismissal of an invalid indictment.

*Clemenic* controls the outcome of this case. Therefore the convictions are reversed and the case is remanded to the district court with instructions to dismiss the indictment under which the defendant was tried.[2]

---

1. The case was re-assigned on remand to Judge Norgle because Judge Getzendanner had resigned from the bench.

2. Because the indictment upon which Bolton was tried is void, we need not reach his claims on appeal that the district judge at trial erred in denying a motion to suppress certain identifica-

tion evidence and in refusing to appoint an expert accountant allegedly necessary to the defense.

In the future, we expect the United States to bear responsibility for ensuring that grand juries are properly constituted.

## 896

APPENDIX

[UNPUBLISHED ORDER NOT TO BE CITED PER CIRCUIT RULE 53]

United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

No. 88–3294

Argued May 31, 1989

August 21, 1989.

Before

Hon. WALTER J. CUMMINGS,
*Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JESSE E. ESCHBACH, *Senior Circuit Judge*

United States of America,
*Plaintiff–Appellant,*

v.

Paul Clemenic, *Defendant–Appellee.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 86 CR 727 —William T. Hart, *Judge.*

### ORDER

Defendant-appellee Paul Clemenic ("Clemenic") was indicted on October 14, 1986, by the Special October 1984 Grand Jury on fifteen counts of wire fraud and one count of bank robbery in violation of 18 U.S.C. Sections 1343 and 2113(b), respectively. The indictment specifically alleged that Clemenic devised a fraudulent scheme to obtain more than $125,000 from customers of his computer company by falsely representing that he would deliver computer equipment upon receipt of the full purchase price. A superseding indictment, returned by the same grand jury, was filed on January 6, 1987, charging Clemenic with seven counts of wire fraud, the bank robbery charge, and seven counts of transportation of stolen goods in violation of 18 U.S.C. Section 2314.

On January 13, 1987, a second superseding indictment was filed, also returned by the same grand jury, charging Clemenic with the same criminal offenses as the previous indictment.[1] The bank robbery count was dismissed upon the defendant's motion, and a jury trial was held on the remaining fourteen counts. A jury convicted Clemenic on eleven of those counts.

Following the trial, the United States Attorney's Office discovered the absence of a formal order extending the Special October 1984 Grand Jury for its two last six-month terms, *i.e.*, for the period of March 1986 to September 1986, and the period of September 1986 to February 1987, the date of the grand jury's discharge. The government communicated this information immediately to defense counsel. The defendant subsequently filed a "Motion In Arrest Of Judgment Or In The Alternative Motion To Dismiss For Lack Of Jurisdiction." In that motion, Clemenic claimed that the Special October 1984 Grand Jury had "lapsed prior to the return of the second superseding indictment," and that the indictment was therefore invalid. The district judge granted Clemenic's motion and vacated the trial jury's guilty verdict. The district court concluded that the government had failed to show that the chief judge had satisfied the requirements of 18 U.S.C. Section 3331[2] by determining at the end of the grand jury's term that its business had not yet been completed. The court therefore

---

1. We have not been advised why there was a second superseding indictment.

2. The relevant statute, 18 U.S.C. Section 3331, provides:
   (a) ... The grand jury shall serve for a term of eighteen months unless an order for its discharge is entered earlier by the court upon a determination of the grand jury by majority vote that its business has been completed. If, at the end of such term or any extension thereof, the district court determines the business of the grand jury has not been completed, the court may enter an order extending such term for an additional period of six months. No special grand jury term so extended shall exceed thirty-six months, except as provided in subsection (3) of section 3333 of this chapter.
   18 U.S.C. Section 3331 (1989).

concluded that the grand jury was improperly constituted and that the indictment was invalid. Accordingly, it vacated the jury's guilty verdict and dismissed the indictment on May 28, 1987.

The government then appealed the district court's ruling. The appeal, consolidated with other cases, was decided by this Court in *United States v. Taylor, et al.*, 841 F.2d 1300 (7th Cir.1988), certiorari denied *sub nom. Rosenstein v. United States*, —— U.S. ——, 108 S.Ct. 2904, 101 L.Ed.2d 937. In *Taylor*, this Court remanded only the *Clemenic* case for certain factual determinations. 841 F.2d at 1309. The district court entered an order on remand finding that it lacked jurisdiction to try or sentence Clemenic and dismissed the indictment against him and subsequently entered an order denying the government's motion for reconsideration. The government now appeals. We affirm.

## I.

The sole issue before us is whether the district court properly vacated Clemenic's conviction on the ground of an improperly constituted grand jury.

## A.

In *Taylor* this Court held that Section 3331 of the Criminal Code requires only a judicial determination that the grand jury has not finished its business—not the ministerial act of memorializing that determination by a formal order—to effect the valid extension of a special grand jury. 841 F.2d at 1306. This Court's review of the record in *Taylor* revealed that Chief Judge McGarr[3] determined in March 1986 that the grand jury had not yet completed its business. *Id.* at 1309. On the basis of his finding, we held that the grand jury was validly extended until October 1986. *Id.* But we also went on to state:

> The [Special October] 1984 Grand Jury, however, continued to sit until February of 1987—four months beyond its initial

extension. The record before us does not reflect whether a judicial determination was made, prior to the expiration of the 1984 Grand Jury's first extension, that it had unfinished business. Further, it is not clear from the record on which date in October, 1984 the 1984 Grand Jury was impaneled. The Grand Jury indicted Clemenic on October 14, 1986, returning a superseding indictment against him on January 6, 1987, and a second superseding indictment on January 13, 1987. *We therefore remand Clemenic's case to the district court for a determination of whether his original indictment was returned less than 24 months after the October 1984 impanelment date; and whether there is any evidence that a judicial determination was made prior to the expiration of its first extension that the 1984 Grand Jury had not finished its business.*

\* \* \* \* \* \*

> We remand for a determination of whether, consistent with this opinion, any of Clemenic's indictments were valid.

*Id.* (Emphasis added).

On remand, the government asked Chief Judge Grady (who was chief judge at the time of the first extension's expiration in October 1986) to make a finding as to whether he had made a judicial determination, prior to the expiration of the first extension of the grand jury on October 1, 1986, that the grand jury had not finished its business. On June 17, 1988, Chief Judge Grady entered a "Ruling on Government's Request for a Finding," stating:

> There is ample evidence that during September and October of 1986 I believed the grand jury had not completed its business. The grand jury was returning indictments before me during those months, and no mention was made of discharging them. I would not have allowed the term of the grand jury to expire without entering an appropriate order and thanking the jurors for their service. The fact that I did not discharge this grand jury at any time when

3. Judge McGarr served as Chief Judge of the Northern District of Illinois until June 30, 1986, after which time Judge Grady assumed the responsibilities of that position.

they appeared before me in September and October of 1986 means that I believed the grand jury had further business and would continue to sit until discharged. Further evidence of my belief that the grand jury still had work to do is contained in the transcript of the *in camera* hearing of September 16, 1986, which was concerned with voluminous documents that had been subpoenaed by the grand jury and which clearly would take considerable time to digest and evaluate. The subject of the September 16 hearing was the threshold matter of identifying the records, and even that had not been accomplished as of that date.

It is clear, therefore, that whenever I thought about this grand jury during the months of September and October 1986, I thought of it as a grand jury which still had further business to conduct. However, I was not conscious of a need for me to make a determination to that effect, and, accordingly, did not do so. The applicable statute, 18 U.S.C. Section 3331, states that the court may enter an order extending the term of the grand jury if the court "... determines the business of the grand jury has not been completed ..." The Court of Appeals in *Taylor* held that, so long as the necessary determination is made, failure to enter the order does not prevent a valid extension of the term. The word "determine" means "to fix conclusively or authoritatively ... to settle a question or controversy about ... to come to a decision concerning as a result of investigation or reasoning ...," *Webster's Third New International Dictionary,* and it appears to have been understood in that sense by the Court of Appeals in *Taylor.*

*The conclusion I reach, therefore, is that I did not, at any time prior to the expiration of the first extended term of the Special October 1984 Grand Jury*

*on October 1, 1986, make a determination that the grand jury had not finished its business.*

"Ruling on Government Request for a Finding," pp. 1–3, included in Government Appendix A–3. (Emphasis added).

Based on this ruling by Chief Judge Grady, Judge Hart entered on September 13, 1988, an order on remand holding that the district court did not at any time prior to the expiration of the first extended term of the grand jury on October 1, 1986, make a determination that the grand jury had not finished its business. Judge Hart made a simultaneous finding that the grand jury had been impaneled on October 2, 1984.[4] The government subsequently moved for reconsideration and on October 24, 1988, Judge Hart filed a memorandum opinion and order holding that since the grand jury had not been validly extended, the indictment was a nullity so that there was no jurisdiction to try Clemenic. Therefore, he adhered to the May 28, 1987, dismissal of the indictment.

## B.

We determined in *Taylor* that the record supported a claim that the Special October 1984 Grand Jury had been properly extended for one additional six-month period. The grand jury voted unanimously in March 1986 to extend its term of service for an additional six months, *i.e.,* until October 1986. *Taylor,* 841 F.2d at 1304 n. 11. The grand jury informed the deputy clerk of its decision, and upon the grand jury's instruction, a motion for extension was prepared by the United States Attorney's office. *Id.* All of the grand jurors, as well as Chief Judge McGarr, recalled that they appeared before him in March 1986 and, according to the judge, at that time he determined "that the grand jury had additional matters to transact, had not yet completed its business, and should therefore be extended another six months."[5] *Id.* at

---

4. Since the Special October 1984 Grand Jury had been impaneled on October 2, 1984, Chief Judge McGarr's extension had expired on October 2, 1986, before any of Clemenic's indictments were returned. (He was first indicted on October 14, 1986).

5. According to Chief Judge McGarr's later recollection, a motion to extend the term of the grand jury for an additional six months was prepared by the United States Attorney's Office at the grand jury's request, and was granted by the judge in March 1986. However, no written

1303 n. 8; 1304–1305 n. 11. At the time the court extended the grand jury's term of service and between March and September 1986, the grand jury was considered to be properly extended and was treated as such. *Id.* at 1304–1305 n. 11. Based on Chief Judge McGarr's determination (corroborated by the grand jurors' vote), this Court held that the term had been properly extended for an additional six months. *Id.* at 1309.

In contrast, the government's claim that the grand jury was extended a second six-month period after October 1, 1986, is not supported by such extrinsic evidence as was presented in *Taylor.* There is no evidence that the Special October 1984 Grand Jury ever voted to continue its term of service past the expiration of the first extension in October 1986. There is no evidence that any motion was ever prepared or presented; in fact, quite the opposite is true. This case was remanded to examine "whether there is any evidence that a judicial determination was made...." *Id.* Chief Judge Grady recalls that he made no determination concerning the extension of the grand jury. Therefore, without the kind of evidence proffered in *Taylor,* the district court was correct in finding that Clemenic's indictments were a nullity, since the grand jury was not properly constituted at the time it issued his indictments.

The caselaw supports the view that an invalid indictment is a nullity. In *United States v. Macklin,* 523 F.2d 193 (1975), the Second Circuit stated:

> Our conclusion that the indictment is a nullity necessarily implies that the Court was without jurisdiction to hear the case, as Fed.R.Crim.P. 7(a) specifically provides "[a]n offense which may be punished by imprisonment for a term exceeding one year ... shall be prosecuted by indictment." The absence of an indictment is a jurisdictional defect which deprives the court of its power to act. Such a jurisdictional defect cannot be

waived by a defendant, even by a plea of guilty." Cf. *Smith v. United States, supra,* 360 U.S. [1] at 10, 79 S.Ct. [991] at 997 [3 L.Ed.2d 1041 (1959)] (footnote omitted).

*Id.* at 196. See also *United States v. Lang,* 644 F.2d 1232, 1235 (7th Cir.1981), certiorari denied, 454 U.S. 870, 102 S.Ct. 338, 70 L.Ed.2d 174 (where we favorably cited *Macklin* for the proposition that the terms of service of a grand jury must be scrupulously adhered to); *United States v. Armored Transport, Inc.,* 629 F.2d 1313, 1316 (9th Cir.1980), certiorari denied, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614. ("Such a defect—that the grand jury lost its power to hand down indictments—is jurisdictional and may be raised at any time.")

The relevant statute, 18 U.S.C. Section 3331, provides for the end of a special grand jury's life unless a determination is made that the work of the grand jury is not completed. As this record demonstrates, no such determination occurred here. Therefore, the district court was correct in holding that the indictment against Clemenic was a nullity, and thus the trial jury's verdict had to be vacated.

### C.

We are also unpersuaded by the government's argument, brought pursuant to Federal Rule of Criminal Procedure 12(b) and (f), that the defendant had waived his challenge to the grand jury's extension by failing to raise the issue before trial. The government argues that the defendant "could very easily" have then raised the question of whether the special grand jury had been improperly extended, since Rule 1.04(e) of the Criminal Rules of the District Court for the Northern District of Illinois states that orders extending the terms of grand juries are public records available to defendants prior to trial. The government argues that the defendant had ready access to a public record which contained "all the documents necessary to raise the issue and to support the claim."

extension could be found, and therefore on March 3, 1987, Chief Judge McGarr entered a *nunc pro tunc* order extending the grand jury's term from March 25, 1986, until September 25, 1986. See 841 F.2d 1304–1305 n. 11.

In response, the defendant argues persuasively that it would not be easy to discover whether or not the term of the grand jury had been properly extended in light of *Taylor*. Under the government's analysis (in view of our holding in *Taylor*), what a defendant would now be required to discover is not the absence of an order extending the life of the grand jury, but also the chief district judge's thought processes. Under the rationale in *Taylor*, the chief judge need only make a determination that the work of the grand jury has not been completed; no ministerial act is required. Therefore, since *Taylor* stands for the proposition that it is the mental determination of the chief judge of the district court (and not the entry on the record) that is crucial, following the government's reasoning would require a defendant to read the mind of the chief judge in order to gauge whether a "determination" has been made. This is an unacceptable proposition.

Moreover, as the district court correctly noted, while the documents concerning the grand jury's extension are a matter of public record

> they are not records ordinarily examined in defending a criminal prosecution and the judges, prosecutors, and defense counsel in a large number of cases were unaware of the potential problem until noted by someone in the office of the United States Attorney.

Memorandum and Order of the District Court, October 24, 1988, p. 4. (Government Appendix A–4).

It is also true that while the government is correct in stating that Rule 12 of the Federal Rules of Criminal Procedure (as it existed at the time of Clemenic's indictment) required that claims based on defects in the indictment must be raised prior to trial, the Rule provided that challenges to the jurisdiction of the court—such as based on an improperly constituted grand jury—may be raised at any time:

> . . . The following must be raised prior to trial:
>
> (. . .)

> (2) Defenses and objections based on defects in the indictment or information (*other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings*);

Fed.R.Crim.P. 12(b)(2) (1986) (emphasis added). Here Clemenic raised the issue of an improperly constituted grand jury as soon as his counsel received notification from the United States Attorney's Office. Government's Brief at 4. Accordingly, the motion was properly considered at that time by the district court.

Similarly, we do not agree with the government that the failure to extend the grand jury properly was harmless error. The government charges that in view of the trial jury's guilty verdict in this case, any error in the grand jury's extension was harmless. But as the defendant counters, the jury's verdict cannot confer power on the court to act at the outset. The validity of a guilty verdict and conviction judgment depends upon the court having jurisdiction over both the subject matter and the party. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982). A jurisdictional error cannot be waived or deemed harmless error. See *Lovelace v. Dall*, 820 F.2d 223, 226 n. 3 (7th Cir.1987) (per curiam).

Here the district court agreed that the failure to extend the term of the grand jury would have been harmless error in light of Clemenic's subsequent conviction if the issue was not a jurisdictional one. But since the Special October 1984 Grand Jury had not been properly extended at the time it indicted Clemenic, it lacked the authority to indict. Therefore the indictment was a nullity and the ensuing guilty verdict was invalid. It is well settled that unless there is a valid waiver, the lack of a valid indictment in a felony case is a defect going to the jurisdiction of the court. *Smith v. United States*, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041. Therefore, the district court properly held it was without jurisdiction to try or sentence Clemenic.

The government proffers an analysis of personal jurisdiction versus subject matter jurisdiction in support of its argument that despite the procedural nullity of the grand jury, the indictment was nonetheless valid. This argument is unavailing because it fails to account for the evidence before the district court in light of the *Taylor* remand. Therefore, other arguments and citations proffered by the government need not be discussed.

## II.

For the reasons stated, the judgment of the district court is affirmed.[6]

6.  We note that on September 12, 1988, the Special April 1987 Grand Jury reindicted Clemenic so that our decision will not result in a miscarriage of justice.