212 P.3d 861

**STATE of Arizona, Appellee,**

**v.**

**Joseangel CHACON, Appellant.**

**No. 1 CA–CR 08–0104.**

Court of Appeals of Arizona,
Division 1, Department D.

May 7, 2009.

---

Terry Goddard, Attorney General By Kent
E. Cattani, Chief Counsel, Criminal Appeals

Section/Capital Litigation Section and Jessica L. Quickle, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

OROZCO, Judge.

¶ 1 Joseangel[1] Chacon (Defendant) appeals the superior court finding of a probation violation and disposition. The question before us is whether the petition to revoke probation was filed before Defendant's probation expired, and if not, whether the failure to file the petition, before the expiration of probation, divested the court of jurisdiction. Because the petition to revoke was not filed, the court lacked jurisdiction. Therefore, we vacate the finding of a probation violation and related sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Defendant pled guilty to robbery and was placed on probation for three years, beginning September 24, 2004. On July 20, 2007, Defendant filed a motion to terminate his probation, citing the lack of any violations and no major police contact or conflicts with probation officers. That same month, a new probation officer assumed supervision of Defendant's case. On July 23, 2007, two months before Defendant's probation was to expire, the newly assigned officer signed a Petition to Revoke Probation (the July petition) based on Defendant's alleged possession of a gun and failure to make monthly payments of a fee. The Commissioner reviewed and signed the Probation Violation Report on August 21, 2007. However, the July petition was not filed with the clerk's office until January 16, 2008, after Defendant's probation had expired.

¶ 3 The probation officer prepared a second Petition to Revoke Probation dated September 20, 2007, (the September petition) because Defendant tested positive for marijuana use. There is no evidence that the September petition was ever signed or dated by the trial court or filed with the court clerk's office. In fact, the State admits "[t]he trial court never forwarded the [September] supplemental petition to revoke ... to the Clerk of the Court." Additionally, the State acknowledges the petition was never admitted into evidence.[2]

¶ 4 At a hearing November 2, 2007, the State informed the court it was dismissing the July petition to revoke based on weapons possession because Defendant was never charged with the underlying crime, but said it wished to proceed with the September petition to revoke based on Defendant's positive drug tests. After hearing testimony, the court held that Defendant violated the terms of his probation, based on the positive drug tests. On January 14, 2008, the court sentenced Defendant. The court reinstated Defendant on intensive probation until March 18, 2009. The court also imposed a sentence of four months' jail time beginning on November 18, 2008, with work furlough, and reinstated fines and penalties. Defendant timely appealed. We have jurisdiction pursuant to the Arizona Constitution Article VI, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12–120.21.A (2003), 13–4031 (2001) and 13–4033 (Supp.2008).

## DISCUSSION

■ ¶ 5 Subject matter jurisdiction is "the power of a court to hear and determine a controversy." *Marks v. LaBerge*, 146 Ariz. 12, 15, 703 P.2d 559, 562 (App.1985). The issue of jurisdiction may be raised at any

1. Although Defendant's name appears as Jose Angel some places in the record, we use the spelling from the minute entry of June 16, 2004, in which the trial court deliberately corrected the record to reflect that his name is Joseangel.

2. On November 21, 2008, the State filed a motion with this court to supplement the record on appeal with a copy of the September 20, 2007, Petition to Revoke Probation. That motion was granted December 4, 2008. According to the State, a copy of the petition was obtained "from both the Maricopa County Attorney's Office and from Appellant's current probation officer." However, the petition is not signed or dated by a superior court judge or commissioner on lines reserved for the court's signature.

time. *State v. Flores*, 218 Ariz. 407, 409–10, ¶ 6, 188 P.3d 706, 708–09 (App.2008). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised" in the lower court. *U.S. v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). An order is void "if the court entering it lacked jurisdiction." *State v. Cramer*, 192 Ariz. 150, 153, ¶ 16, 962 P.2d 224, 227 (App.1998).

██ ¶ 6 The superior court lacks jurisdiction to revoke probation once it has expired. *State v. Johnson*, 182 Ariz. 73, 73, 893 P.2d 73, 73 (App.1995) (citation omitted). The filing of a petition to revoke probation tolls the running of the probation until the termination of revocation of probation proceedings. *Id.* at 73–74, 893 P.2d at 73–74 (citing A.R.S. § 13–903.D (2001)[3]). Pleadings or other legal papers are considered filed when they are either filed with the clerk of the court or filed with the appropriate judge (if the judge permits) "and in that event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk."[4] *Id.* at 74, 893 P.2d at 74 (quoting Ariz. R. Civ. P. 5.h). *See* Ariz. R.Crim. P. 35.5 ("Unless otherwise specified in these rules, the manner and sufficiency of service and filing of motions, requests, petitions, applications, and all other pleadings and documents shall be governed by Rule 5 of the Rules of Civil Procedure."). Additionally, Arizona Rule of Criminal Procedure 28.1.a provides that "[t]he clerk of the court shall receive and maintain all papers, documents and records filed ... in criminal cases." "[W]hen items are filed with the judge under Rule 5(h), they *must* be forwarded to the clerk for inclusion in the file" in order to be legally "filed." *Johnson*, 182 Ariz. at 75, 893 P.2d at 75 (emphasis added). "[A] failure to timely file the petition to revoke probation is jurisdictional." *Id.*

¶ 7 In *Johnson*, the judge signed and dated the petition to revoke probation and forwarded it to the clerk's office the next business day. *Id.* at 74, 893 P.2d at 74. The court held that this constituted "substantial compliance with Rule 5(h)." *Id.* at 74, 75, 893 P.2d at 74, 75.

██ ¶ 8 In this case, the State argues the July petition was filed when it was submitted to the Commissioner. Assuming without deciding that the July petition was timely filed when it was delivered to the Commissioner, that did not relieve the State of the duty to timely file the September petition. The State concedes the Commissioner *never* signed or dated the September petition and never forwarded it to the court clerk. Therefore, because the State dismissed the July petition and the September petition to revoke was not "filed" in accordance with Rule 5.h, the running of Defendant's probation was no longer tolled, the probationary period had expired, and the court lacked jurisdiction to act on the September petition. *See also Alder v. State*, 108 S.W.3d 263, 267 (Tenn.Crim.App.2002) (trial court lacked jurisdiction to revoke probation after probation expired, where neither probation revocation warrant nor petition to revoke probation were filed within the probationary period, but violation reports were submitted directly to the judge); *People v. Thoman*, 381 Ill. App.3d 268, 319 Ill.Dec. 755, 886 N.E.2d 518, 523 (5th Dist.2008) (requiring strict compliance with statutory requirements for tolling of probationary period and thereby affirming a dismissal of a petition to revoke probation for lack of jurisdiction).

██ ¶ 9 The State argues we nevertheless should affirm because errors in following procedural rules should not be the basis for reversal unless such a mistake prejudices or tends to prejudice Defendant with respect to a substantial right. *See* A.R.S. § 13–3987 (2001). The State cites to the Arizona Constitution, Article VI, § 27, which states that, "[n]o cause shall be reversed for technical error in pleadings or proceedings when upon

---

3. We cite to the current version of the applicable statute because no revisions material to this decision have occurred since the statute was originally cited in *Johnson*.

4. Absent authorization from the judge pursuant to Rule 5(h), the responsibility remains with the litigants to ensure pleadings are properly filed.

the whole case it shall appear that substantial justice has been done." The State contends Defendant was not prejudiced with respect to a substantial right because he had timely notice of the allegations against him and participated in the revocation proceedings. The State argues that any error in this case therefore was "harmless."

¶ 10 Among the basic fair-trial rights that can never be treated as harmless if denied is "a defendant's right to have all critical stages of a criminal trial conducted by a person with jurisdiction to preside. Thus harmless-error analysis does not apply" when an officer of the court exceeds his jurisdictional authority. *Gomez v. U.S.*, 490 U.S. 858, 876, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). *See also U.S. v. Bolton*, 893 F.2d 894, 900 (7th Cir.1990) ("A jurisdictional error cannot be waived or deemed harmless error"); *Lovelace v. Dall*, 820 F.2d 223, 226 n. 3 (7th Cir.1987) ("lack of jurisdiction cannot be deemed harmless error"). Similarly here, conducting a harmless error analysis would be incompatible with the principle that Rule 5.h is jurisdictional. Nor do we believe that requiring parties, or the court, "to comply with procedural rules is unfairly technical or harsh." *State v. Bryant*, 219 Ariz. 514, ¶ 12, 200 P.3d 1011, 1014 (App.2008).

## CONCLUSION

¶ 11 For the above-stated reasons, we vacate the trial court's finding of a probation violation and the related sentence.

CONCURRING: PATRICK IRVINE and PETER B. SWANN, Judges.