IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN ALDEN TURNER, *Appellant.*

No. 1 CA-CR 15-0477
FILED 5-3-2016

Appeal from the Superior Court in Yavapai County
No.  P1300CR20020252
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

C. Kenneth Ray, II, PC, Prescott
By C. Kenneth Ray, II
*Counsel for Appellant*

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in
which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

J O H N S E N, Judge:

¶1        John Alden Turner appeals the revocation of his probation, arguing a statute that allows the court to extend probation when a defendant has failed to pay restitution does not allow the court to extend conditions of probation unrelated to restitution. Because Turner misconstrues the statute and because he had proper notice of the extension, we affirm the revocation.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Turner pled guilty to attempted fraudulent schemes and artifices, a Class 3 felony.[1]  The superior court suspended his sentence and placed him on supervised probation for five years.  Before Turner's probation expired, his probation officer filed a petition to extend probation, alleging Turner had failed to pay $65,988 in restitution.  Pursuant to Arizona Revised Statutes ("A.R.S.") section 13-902(C) (2016), the court found Turner still owed restitution and extended his probation for five years.[2] Two years later, Turner's probation officer filed a petition to revoke probation, alleging Turner had failed to comply with probation conditions unrelated to restitution.  After Turner admitted one of the violations, the court continued him on supervised probation for 54 months.

¶3        About six months later, Turner's probation officer filed another petition to revoke, alleging Turner had violated several conditions of probation, including his restitution obligation.  Following a hearing, the court found the State had failed to prove Turner had violated the restitution-related condition, but had proven other violations.  The court then revoked Turner's probation and sentenced him to two years in prison.

¶4        Turner timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1) (2016), 13–4031 (2016) and –4033 (2016).

---

[1]        On review, we view the facts in the light most favorable to sustaining the judgment and resolve all inferences against Turner.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

## DISCUSSION

**A.    Section 13-902(C).**

¶5         Turner argues that when the court exercises its power to extend probation under A.R.S. § 13-902(C), it may extend only the condition requiring payment of restitution, not the other conditions of probation.  He argues that, having extended his probation under § 13-902(C), the court lacked subject-matter jurisdiction to revoke his probation for a violation of a condition unrelated to restitution.

¶6         As Turner contends, once probation has expired, the court lacks jurisdiction to revoke probation.  *State v. Chacon*, 221 Ariz. 523, 526, ¶ 6 (App. 2009).  A question about subject-matter jurisdiction may be raised at any time.  *Id.* at 525-26, ¶ 5.  We review issues of statutory interpretation *de novo*.  *State v. Barnett*, 209 Ariz. 352, 354, ¶ 7 (App. 2004).  "The primary principle of statutory interpretation is to determine and give effect to legislative intent."  *Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991).  We first look to the language of the statute to determine the legislature's intent.  *United Dairymen of Ariz. v. Rawlings*, 217 Ariz. 592, 596, ¶ 12 (App. 2008).  "If the language of a statute is clear and unambiguous, we must give it effect without resorting to any rules of statutory construction."  *State v. Johnson*, 171 Ariz. 39, 41 (App. 1992); *see also Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471 (1991) ("[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.").  If a statute is ambiguous, we consider the statute's "context, subject matter, historical background, effects and consequences, and spirit and purpose."  *State v. Ross*, 214 Ariz. 280, 283, ¶ 22 (App. 2007) (quoting *Hughes v. Jorgenson*, 203 Ariz. 71, 73, ¶ 11 (2002)).

¶7         Section 13-902(C) states:

> When the court has required, as a condition of probation, that the defendant make restitution for any economic loss related to the defendant's offense and that condition has not been satisfied, the court at any time before the termination or expiration of probation may extend the period within the following limits:
>
> 1.  For a felony, not more than five years.
>
> 2.  For a misdemeanor, not more than two years.

3

By its plain language, § 13-902(C) thus authorizes the court to extend the "period" of probation when a defendant has failed to make restitution and limits the length of any such extension.

¶8        Turner does not dispute that because he had failed to pay restitution, the superior court was authorized to extend the period of his probation.  Nor does he argue that, by extending his obligation to pay restitution by five years, the court exceeded its statutory authority.  Instead, Turner argues that when a defendant fails to pay restitution, § 13-902(C) allows the court to extend the "period" of probation only with respect to the restitution condition.  Turner contends that if the legislature intended to authorize the court to extend the other conditions of probation solely because a defendant has failed to pay restitution, "it could have, and would have, so stated."

¶9        Contrary to Turner's contention, the statute's language, context and purpose make clear that the legislature intended § 13-902(C) to allow the court to extend all of the conditions of probation for the designated period.

¶10        Chapter 9 of Title 13 generally governs probation for eligible defendants.  Section 13-901, the first statute within Chapter 9, begins:

> If a person who has been convicted of an offense is eligible for probation, the court may suspend the imposition or execution of sentence and, if so, shall without delay place the person on . . . probation . . . on such terms and conditions as the law requires and the court deems appropriate[.]

A.R.S. § 13-901(A).  Under this provision, the legislature has given the court broad power to impose on a defendant "such terms and conditions as the law requires and the court deems appropriate[.]"  Further, subpart (C) of § 13-901 provides that after imposing probation, "[t]he court, in its discretion, may issue a warrant for the rearrest of the defendant and may modify or add to the conditions" of the probation.  *See State v. Quintana*, 195 Ariz. 325, 328 (App. 1999) ("Upon a finding that Defendant has violated his probation, the court may 'modify or add to' the conditions of probation."); *Burton v. Superior Court*, 27 Ariz. App. 797, 800 (1977) (court may "modify or revoke the term of probation").  As for the length of the period of probation a court may impose, as applicable here, subpart (B) of § 13-901 states that "[t]he period of probation shall be determined according to section 13-902[.]"

¶11        Turning to that separate provision, § 13-902 is entitled "Periods of probation; monitoring; fees."  *See Minjares v. State*, 223 Ariz. 54,

62, ¶ 34 (App. 2009) ("We also may consider a title to aid in interpretation."). Nowhere in § 13-902 did the legislature refer to the power of the court to impose or modify any condition of probation; the statute instead pertains entirely to the length of time -- the "period" -- of probation the court otherwise is authorized to impose. The respective subparts of § 13-902 define the maximum period of probation a court may impose on a person convicted of various crimes or classes of crimes. *See, e.g.*, § 13-902(A), (B), (E)-(G). Subpart (C), at issue here, authorizes the court to extend the "period" of probation when a probationer has failed to pay restitution.

¶12 We find no support in the language or context of the respective statutes for Turner's argument that when the legislature authorized the court to extend the period of probation for a defendant's failure to pay restitution in § 13-902(C), it impliedly limited the broad discretion it granted the court in § 13-901(A) and (C) to determine the appropriate conditions of probation. *See State v. Sweet*, 143 Ariz. 266, 270 (1985) (under "accepted rule of statutory construction" of *in pari materia*, court may consider other relevant statutes). Instead, by authorizing the court to extend the "period" of probation, the legislature intended in § 13-902(C) to permit the court to extend the duration of all of the conditions of a defendant's probation, not only the condition requiring restitution.

## B. Alleged Due-Process Violation.

¶13 Relying on *State v. Korzuch*, 186 Ariz. 190 (1996), Turner next argues the superior court unconstitutionally revoked his probation because he had no notice that when his probation was extended, all the original conditions remained in place, including those unrelated to restitution. Because Turner raises this issue for the first time on appeal, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005). To warrant reversal, Turner must show fundamental error occurred and caused him prejudice. *Id.* at 567, ¶ 20.

¶14 Due process requires notice to a defendant before his probation period is extended. *Korzuch*, 186 Ariz. at 193. Turner contends that the order extending his probation did not give him notice that the extension applied to the non-restitution conditions. The order extending Turner's probation stated:

> It is ordered, pursuant to A.R.S. § 13-902(C), that the defendant's probation term is extended for five years, to expire October 10, 2014. The defendant has received notice, been advised, and waives his right to an attorney, right to a

hearing, and is in agreement with the extension of the probation term. **IT IS FURTHER ORDERED**, that the outstanding balance of $65,988.00 be paid in monthly installments of $1,000.00 commencing October 1, 2009, until paid in full.

¶15 The language of the order does not support Turner's interpretation. The order first states that Turner's "probation term is extended for five years." Depending on the context, a probation "term" might mean either a condition of probation (i.e., a "term of probation") or the period (duration) of probation. Here, however, the words "extended" ("probation term is extended for five years") and "extension" ("extension of the probation term") make clear that the court meant "term" to refer to a period of time, i.e., the duration of probation, rather than any condition of probation. *See* Random House Webster's Unabridged Dictionary 1958 (2001) (defining "term" as "the time or period through which something lasts" and "a period of time to which limits have been set"; "terms" means "conditions or stipulations limiting what is proposed to be granted or done").[3]

¶16 Finally, Turner's actions following the extension demonstrate he understood that all the conditions of his probation had been extended. As noted above, two years after the court extended Turner's probation pursuant to § 13-902(C), Turner admitted he had failed to comply with a condition of his probation requiring him to submit to drug and alcohol testing, an admission reflecting that he knew that he remained subject to conditions of probation other than the obligation to pay restitution. Additionally, following that violation hearing, Turner signed a document titled Uniform Conditions of Supervised Probation, which listed all of his various probation conditions, a document titled Special Conditions of Probation, and two Implementation of Conditions of Probation, all of which explained Turner's obligation to comply with specified probation conditions other than restitution. Thus, the record reveals that, contrary to his current contention, he knew that all the prior conditions of probation remained in effect.

---

[3] To the extent Turner argues the court did not adequately explain the probation extension orally to him during the hearing, he has failed to provide a transcript of that hearing to support his argument. *See State v. Kerr*, 142 Ariz. 426, 430 (App. 1984) ("It is the responsibility of defense counsel to ensure that any document necessary to defendant's argument is in the record on appeal.").

## CONCLUSION

¶**17** For the foregoing reasons, we affirm the superior court's judgment revoking Turner's probation and imposing a sentence of incarceration.



**Ruth A. Willingham** · **Clerk of the Court**
FILED: ama