IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ARPITA SHAH, *Petitioner/Appellee*,

*v.*

PURVIN VAKHARWALA, *Respondent/Appellant.*

No. 1 CA-CV 17-0129 FC
FILED 1-11-2018

Appeal from the Superior Court in Maricopa County
No. FC 2016-096043
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Collins & Collins, LLP, Phoenix
By C. Robert Collins, Jonathan S. Collins
*Counsel for Respondent/Appellant*

## OPINION

Judge Jennifer B. Campbell delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Judge Patricia A. Orozco[1] joined.

**C A M P B E L L**, Judge:

¶1        Purvin Vakharwala appeals the superior court's grant of an order of protection in favor of his ex-wife Arpita Shah and argues that to violate an Arizona order of protection, the violation must occur within Arizona. For the reasons explained, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Shah and Vakharwala have one child in common, a son. In 2015 the couple obtained a divorce in Georgia. Shah later moved to Arizona with the child. On November 24, 2015, she obtained an Arizona order of protection against Vakharwala, who remained in Georgia. The 2015 order of protection included the following restriction: "[Vakharwala] shall have no contact with [Shah] except through attorneys, legal process, court hearings, and as follows: . . . in writing by U.S. Mail only to discuss the parties' son. [He] [a]lso may contact [Shah's] attorney." Based on the 2015 order, the Georgia court amended the decree to include the no contact terms but also to allow Vakharwala some parenting time, including permitting him to contact their son through a video chat service with specified restrictions.[2]

¶3        On November 18, 2016, in anticipation of the expiration of the 2015 order, Shah petitioned for an ex parte order of protection. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3602(K) (an order of protection expires one year after service). In her verified petition, Shah listed three separate incidents

---

[1] The Honorable Patricia A. Orozco, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] For example, the decree stated Vakharwala may use video chat to contact their son, but "[s]hall not initiate multiple communications in the event the first attempt is unsuccessful, but instead shall be free to make one follow up call, thereafter awaiting the child's return call."

evidencing acts of domestic violence. First, in a November 21, 2015 domestic violence incident, he physically removed the child from Shah and attempted to take him out of the state of Arizona. He was subsequently charged with assault. Second, between June 2, 2016 and June 16, 2016, he violated the 2015 order when he contacted her through video chat. Third, Vakharwala contacted Arizona law enforcement on 15 separate occasions in the preceding 12 months with allegations against Shah ranging from custodial interference to violations of court orders. Each contact resulted in law enforcement contact with Shah and the child and law enforcement finding Vakharwala's allegations to be unfounded.

¶4　　　In late November 2016, based on the claims contained in Shah's verified petition, the court granted another ex parte protective order and included the same contact restrictions contained in the 2015 order. Vakharwala then requested an evidentiary hearing. *See* A.R.S. § 13-3602(I). Following the hearing, based on the court finding that at least one of the contacts (a June 7 video chat) was an act of domestic violence because it violated the communication restriction in the 2015 protective order, the superior court continued the 2016 protective order.

### DISCUSSION[3]

¶5　　　We review the superior court's continuance of an order of protection following an evidentiary hearing for an abuse of discretion, but review questions of law de novo. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014). Upon the filing of a verified petition, A.R.S. § 13-3602(A)-(B), a court has jurisdiction to issue an order of protection if it finds there is reasonable cause to believe a "defendant may commit an act of domestic violence" or "has committed an act of domestic violence within the past year" or longer if the court finds good cause. A.R.S. § 13-3602(E); *see also* A.R.S. § 13-3602(P). When the court issues an ex parte protective order, upon the defendant's request it shall hold a hearing, after which it may continue the order. A.R.S. § 13-3602(I).

¶6　　　The term "domestic violence" is defined by statute. A.R.S. § 13-3601(A). "In the context of a past or current romantic relationship, the term domestic violence is broadly defined in § 13–3601(A) and includes a wide array of criminal acts as well as harassment by verbal, electronic,

---

[3] Although Shah did not file an answering brief, in our discretion, we decline to consider her failure to do so as a confession of error. *See Cardoso v. Soldo*, 230 Ariz. 614, 616 n.1, ¶ 4 (App. 2012).

mechanical, telegraphic, telephonic or written communication." *Michaelson*, 234 Ariz. at 544, ¶ 6 (citations omitted). As relevant here, Shah alleged that Vakharwala committed a domestic violence offense by engaging in online contact in violation of the order of protection. *See* A.R.S. § 13-3601(A) (domestic violence includes offense prescribed in A.R.S. § 13-2810(A)(2)); A.R.S. § 13-2810(A)(2) (disobeying a lawful court order).

## I.        Jurisdiction

**¶7**        Vakharwala argues the superior court lacked both subject matter and personal jurisdiction to issue the 2016 protective order.[4] He bases this claim on the notion that Arizona courts lack jurisdiction to prohibit conduct outside of Arizona. In that vein, Vakharwala posits that when he initiated the June 7 video chat, he was in Georgia and Shah was in Amsterdam. He reasons, even assuming the contact constituted an act of domestic violence, the court lacked jurisdiction because the "domestic violence"—the violation of the 2015 order—was not committed "in Arizona."

**¶8**        First, Vakharwala waived any personal jurisdictional challenge. Vakharwala appeared and submitted to the court process; he was served with the 2016 ex parte protective order as required by statute, A.R.S. § 13-3602(K) ("An order is effective on the defendant on service of a copy of the order and petition"), and requested a hearing pursuant to A.R.S. § 13-3602(I) without raising any objections as to the court's jurisdiction to grant the ex parte protective order. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703-04 (1982) (party may waive jurisdiction by either expressly or impliedly consenting to a court's personal jurisdiction); *Tarr v. Super. Ct. In and For Pima Cty.,* 142 Ariz. 349, 351 (1984) (any act by which the defendant comes before the court and recognizes the case as pending, with the exception of a special appearance to contest jurisdiction over his or her person, will constitute a general appearance and subject him or her to the jurisdiction of the court). Accordingly, Vakharwala waived any objection to the exercise of personal jurisdiction by entering a general appearance.

**¶9**        Next, Vakharwala argues that the court lacked subject matter jurisdiction because the June 7 video chat occurred outside of Arizona. Once the court has jurisdiction over the parties, the authority to issue an order of protection is derived from statute. Pursuant to A.R.S. § 13-3602(A),

---

[4] Vakharwala does not directly challenge the validity of the 2015 order. *See infra* ¶ 10 n. 5.

the Superior Court of Arizona is granted jurisdiction to hear orders of protection upon the filing of a verified petition. An order entered pursuant to that section has the force of a court order. A.R.S. § 13-3602(J). To violate that order is to disobey a court order under A.R.S. § 13-2810(A)(2). There is no requirement that the acts that give rise to this violation occur within the state boundaries and, thus, a court has subject matter jurisdiction to enforce its own orders.

¶10        Here, the superior court found the June 7 video chat violated the 2015 protective order's restrictions on his contact with Shah. *See supra* ¶ 4.[5] Although Vakharwala argues that a communication must either originate or be received in Arizona for the court to have subject matter jurisdiction, "[i]t is a settled principle of law that an order issued by a court with jurisdiction over the subject matter must be obeyed by the parties until that order is reversed by orderly and proper proceedings." *State v. Chavez*, 123 Ariz. 538, 540 (App. 1979) (citation omitted). Any violation of the court's order, regardless of where it occurred, is still a violation of a court order. Interference with a judicial proceeding is specifically included as one of the acts that qualifies as an act of domestic violence for this very purpose. A.R.S. § 13-3602(N). The court therefore had subject matter jurisdiction to issue the 2016 order based on Vakharwala's violation of the 2015 order regardless of where the violation took place. *State v. Chacon*, 221 Ariz. 523, 525, ¶ 6 (App. 2009) ("Subject matter jurisdiction is the power of a court to hear and determine a controversy.") (citation omitted).

## II.    Sufficiency of Evidence

¶11        Vakharwala argues there was insufficient evidence to support the court's finding that at least one of the video chats constituted an act of

---

[5] In a footnote in his briefing on appeal, Vakharwala asserts "[i]t is questionable that the [c]ourt had subject matter [] or personal jurisdiction to enter [the 2015] order." Vakharwala, however, fails to provide any supporting argument or citation to legal authority or the record and these issues are therefore not properly before this court. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question"); ARCAP 13(a)(7).

domestic violence.[6] Viewing the facts in the light most favorable to upholding the superior court's ruling, his argument fails. *Michaelson*, 234 Ariz. 542, 544 n.1 (App. 2014).

¶12 At the hearing, Shah presented screen shots of her video chat account containing calls and chats from Vakharwala on June 7, 2016. She testified that on June 7, she was in Amsterdam for business and her son was in Arizona with his grandparents. She further testified the video chats were directed at her, in violation of the 2015 order that was still in place. The court concluded Vakharwala directed the June 7 video chat at Shah, based on the verbiage contained in the message. Specifically, "[y]ou also left the [] child alone without any notification and possibly have left the country without [] notice." The superior court did not abuse its discretion in rejecting Vakharwala's argument that the chat was not directed at Shah. Contact directly with Shah was strictly prohibited by the 2015 order. Based on the verbiage of the communication, there can be no mistake: Vakharwala's transmission was directed at Shah. The court did not abuse its discretion in finding that Vakharwala violated the 2015 order. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App. 2012) ("superior court is in the best position to judge credibility of witnesses and resolve conflicting evidence, and appellate court generally defers to its findings") (citation omitted).

## III.    Rule 38(h)

¶13 Vakharwala argues the superior court violated Arizona Rule of Protective Order Procedure 38(h), which requires that "[a]t the conclusion of the hearing, the judicial officer must state the basis for continuing, modifying, or revoking the protective order." Because the court stated on the record its basis for continuing the order, we reject Vakharwala's argument that, because the hearing minute entry did not specify the basis, the court violated Rule 38(h).

## IV.    Court Advisement

¶14 Finally, Vakharwala argues the superior court should not have advised him at the start of the hearing of potential firearm restrictions in the event the court affirmed the protective order, *see* A.R.S. § 13-

---

[6] Vakharwala also raises various arguments regarding his other contacts, but we do not address them because the court relied on the June 7 chat as a basis for continuing the order.

3602(G)(4), and of potential immigration consequences, if he were to testify, and that in doing so, the court "intimidated" Vakharwala to "[e]nsure" he did not testify. Vakharwala did not raise these arguments in the superior court, and therefore he has waived them here. *Hahn v. Pima Cty.*, 200 Ariz. 167, 172, ¶ 13 (App. 2001) ("[T]he failure to raise an issue [] at the trial level . . . constitutes a waiver of the issue.") (citation omitted). Even had he challenged the court's admonition, these arguments are without merit. Vakharwala does not argue that the information the court gave him was incorrect, but simply that he was subjectively intimidated by the advisement and therefore did not testify. To testify or not was Vakharwala's choice. He chose not to testify and his retrospective challenge is without merit.

## CONCLUSION

¶15      For the foregoing reasons, we affirm the superior court's continuance of the 2016 protective order.



AMY M. WOOD • Clerk of the Court
FILED: AA