NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PENELOPE LYNN MARIE DAVIS, *Appellant*.

No. 1 CA-CR 20-0426
FILED 12-14-2021

Appeal from the Superior Court in Maricopa County
No. CR2012-112225-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        Penelope Lynn Marie Davis appeals the revocation of her probation and the resulting imposition of sentence. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2012, Davis pled guilty to taking the identity of another, a class 4 felony, and agreed to pay restitution for any economic loss that the victims suffered. The superior court placed Davis on three years of supervised probation. As a condition of probation, Davis was ordered to pay all restitution, fines, and fees. After the parties reached a stipulation regarding restitution in 2014, the superior court entered a criminal restitution order ("CRO") in the amount of $6,563.10.

¶3        A year later, the Adult Probation Department ("APD") petitioned to revoke probation, listing numerous violations including the failure to pay restitution. In September 2016, Davis admitted to violating probation by failing to pay court-ordered fines and fees. Although the exact amount owed was disputed, Davis understood that she owed a significant amount of restitution and that her probation could be extended for her to repay it. Following that warning, the superior court reinstated Davis on probation for five years with an expiration date of December 26, 2021.

¶4        In 2018, APD filed a motion for clarification regarding the expiration date of Davis' probation. In response, the superior court issued a minute entry modifying her probation expiration date to January 7, 2019. Before Davis' probation expired, APD moved for clarification again, asking for a nunc pro tunc order correcting the expiration date back to December 26, 2021. On December 12, 2018, the court signed the order modifying the expiration date; however, the paper order was not filed with the clerk of the court until January 9, 2019. Davis did not challenge the modification.

¶5        Eight months later, APD petitioned again to revoke probation due to numerous violations, including the failure to pay restitution. At a

contested probation violation hearing in December 2019, Davis argued for the first time that the superior court lacked jurisdiction in 2016 to extend probation because the CRO implicitly removed restitution as a condition of probation. The superior court ruled that it had jurisdiction to extend probation in 2016 for Davis to make restitution payments and hear revocation proceedings based on her failure to pay restitution. The court revoked Davis' probation, sentencing her to two and a half years' imprisonment. Davis timely appeals. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A)(1) (2020).

## DISCUSSION

¶6        Davis argues that the superior court lacked jurisdiction in 2016 to extend her probation because (1) the court failed to make findings regarding Davis' failure to pay restitution; and (2) the 2014 CRO implicitly removed payment of restitution as a condition of probation. Davis also argues that the superior court lacked jurisdiction in 2018 to modify probation because the December 12, 2018 order was not filed with the clerk of the court until after her probation expired on January 7, 2019.

### A.        Subject-Matter Jurisdiction

¶7        Subject-matter jurisdiction is a question of law that we review de novo. *State v. Bryant*, 219 Ariz. 514, 516 ¶ 4 (App. 2008). "The issue of jurisdiction may be raised at any time." *State v. Chacon*, 221 Ariz. 523, 525–26 ¶ 5 (App. 2009). Subject-matter jurisdiction is "a court's statutory or constitutional power to hear and determine a particular type of case." *State v. Maldonado*, 223 Ariz. 309, 311 ¶ 14 (2010). The superior court has original jurisdiction of "[c]riminal cases amounting to felony." Ariz. Const. art. VI, § 14(4); *see also* A.R.S. § 12–123(A). "The test of jurisdiction is whether . . . the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong." *State v. Payne*, 223 Ariz. 555, 560 ¶ 10 (App. 2009) (internal quotation marks omitted) (quoting *State v. Phelps*, 67 Ariz. 215, 220 (1948)). Our supreme court has cautioned against using imprecise language equating a superior court's legal error as implicating that court's subject-matter jurisdiction. *Id.; State v. Espinoza*, 229 Ariz. 421, 425 ¶ 19 (App. 2012) ("[W]e are mindful that not all legal errors are jurisdictional errors and that Arizona courts have, on occasion, conflated the two.").

¶8        Thus, when a court has jurisdiction to sentence a defendant, "sentencing errors do not necessarily implicate the court's jurisdiction."

*Payne*, 223 at 560 ¶ 11. This means that if a court has jurisdiction, an erroneous order is considered voidable or binding and enforceable until reversed or vacated. *Bryant*, 219 Ariz. at 517 ¶ 13. Conversely, when a court lacks jurisdiction, any judgment or sentence is void; "a 'nullity' and 'all proceedings founded on [a] void judgment are themselves regarded as invalid and ineffective for any purpose.'" *Espinoza*, 229 Ariz. at 429 ¶ 32 (quoting *State v. Cramer*, 192 Ariz. 150, 153 ¶ 12 (App. 1998)). "Unlike a void order that can be vacated at any time, a voidable order must be modified on appeal or pursuant to Rule 24.3." *Bryant*, 219 Ariz. at 518 ¶ 14.

**B.** **2016 Probation Extension**

**¶9** Davis argues that the court lacked jurisdiction to extend her probation because (1) it did not make specific findings about her failure to pay restitution, and (2) after entering the CRO in 2014, the court implicitly removed restitution as a condition of probation, precluding the court from later extending probation pursuant to A.R.S. § 13–902(C)(1).

**¶10** The superior court had jurisdiction to modify Davis' probation in 2016 because her probationary term had not expired. An extension is a modification of a probationary term. *State v. Korzuch*, 186 Ariz. 190, 193 (1996). The superior court has jurisdiction to extend the term of a defendant's probation to allow her to complete payment of restitution. *Chacon*, 221 Ariz. at 526 ¶ 6 (citing A.R.S. § 13–902(C)(1)). Once probation expires, the superior court lacks jurisdiction to modify or revoke the defendant's probation. *Id.*

**¶11** Because Davis' probationary term had not expired, the 2016 extension of probation order was not void for lack of jurisdiction. Thus, any error in the order based on a lack of specific findings was voidable and subject to modification only on appeal or in a post-conviction relief proceeding. *Bryant*, 219 Ariz. at 517 ¶ 13. The time for appeal has long passed, divesting this court of jurisdiction to consider any error from the 2016 order. *See, e.g.*, A.R.S. § 13–4033(A)(3); Ariz. R. Crim. P. 31.3(a); Ariz. R. Crim. P. 33.4(b)(3); *State v. Littleton*, 146 Ariz. 531, 533 (App. 1985) ("The filing of a timely notice of appeal is essential to the exercise of jurisdiction by this court."); *State v. Perry*, 245 Ariz. 310, 312 ¶ 7 (App. 2018) (appellate court lacks jurisdiction to consider an untimely appeal); *State v. Chavez*, 123 Ariz. 538, 539 (App. 1979) (defendant cannot collaterally attack an underlying order that he failed to timely challenge).

**¶12** The superior court had jurisdiction in 2016 to extend probation because Davis failed to satisfy restitution after the court

previously converted restitution to a CRO. Davis did not cite supporting authority, contending only that the CRO and probation statutes are in conflict. We review issues of statutory interpretation de novo. *Hoffman v. Chandler*, 231 Ariz. 362, 364 ¶ 8 (2013). When interpreting a statute, we look to effectuate the legislature's intent. *State v. Jones*, 235 Ariz. 501, 502 ¶ 6 (2014). When two statutes conflict, we reconcile them whenever possible, giving force and meaning to each. *Id.*; *see also* A.R.S. § 13–104 (providing statutes "must be construed . . . to . . . effect the objects of the law").

**¶13** The Victim Bill of Rights creates a defendant's obligation to pay "prompt restitution" to the victims of her crimes. Ariz. Const. art. II, § 2.1(A)(8). Section 13–805(A)(2) conveys jurisdiction to the superior court to "modify[] and enforce[] the manner in which [restitution] payments are made until paid in full." The court may enter a CRO at the time restitution is ordered or shall enter a CRO after the defendant completes her probation or sentence. A.R.S. § 13–805(B), (C)(2). A CRO permits the victim to enforce restitution as any civil judgment. A.R.S. § 13–805(E); *see also State v. Cota*, 234 Ariz. 180, 184 ¶ 12 (App. 2014) ("[A] CRO respecting restitution 'merely establishes a *method* of enforcing the . . . right to redress.'"). A CRO is procedural in character and "serves the broader goal of restitution, which is to make victims whole for the economic losses they suffer from crimes." *Cota*, 234 Ariz. at 184 ¶ 10.

**¶14** Ordinarily, the court may impose probation for a class 4 felony up to four years. A.R.S. § 13–902(A)(3). However, if the defendant fails to satisfy restitution before probation expires, the court may extend probation for any felony up to five years. A.R.S. § 13–902(C)(1) ("If the court has required, as a condition of probation, that the defendant make restitution for any economic loss related to the defendant's offense and that condition has not been satisfied, the court at any time before the termination or expiration of probation may extend the period . . . ."). The superior court noticed Davis that her probation could be extended for failure to pay restitution in her written terms of probation.

**¶15** Section 13–805 does not limit the superior court's jurisdiction over felony probation. Indeed, the purpose of § 13–805 is to give victims an additional procedural means of enforcing their right to prompt restitution, not to diminish their rights. Besides, to interpret a CRO as an implicit modification to probation conflicts with Rule 27.1's requirement that all terms of probation be in writing. *See State v. Robinson*, 177 Ariz. 543, 545 (1994) (noting that in Arizona, the conditions of probation must be "formally documented"); *see also* Ariz. R. Crim. P. 27.8(c)(2) ("The court may not find a violation of a condition or regulation that the probationer

did not receive in writing."). If a CRO removed payment of restitution as a condition of probation, then the probationer would have to be provided written notice of that modification.

¶16          Furthermore, when a court enters a post-judgment restitution award pursuant to a plea agreement where the defendant agrees to pay restitution, the award is considered part of the defendant's sentence. *Hoffman*, 231 Ariz. at 365 ¶ 17. The post-judgment restitution order is not considered a modification of the defendant's sentence. *State v. Grijalva*, 242 Ariz. 72, 74 ¶ 10 (App. 2017).  Similarly, here, a CRO issued after a pleading defendant agrees to pay restitution should not be considered a modification of the defendant's probation.

¶17          Therefore, because the CRO did not implicitly modify Davis' terms of probation, the superior court had jurisdiction to extend her probation in 2016.

## C.          2018 Probation Extension

¶18           Davis argues that the court lacked jurisdiction in 2018 to modify probation because the December 12, 2018 order was not filed with the clerk of the court until after her probation expired on January 7, 2019. Davis also argues that the order did not become effective until after her probation expired.

¶19          The superior court had jurisdiction in 2018 to modify probation because the order was filed in December 2018. A document may be filed directly with the clerk, or "[i]f a judge permits, a document may be submitted directly to a judge, who must transmit it to the clerk for filing and notify the clerk of the date of its receipt." Ariz. R. Crim. P. 1.7(a). Further, when a paper document is submitted to a judge and later filed with the clerk, "the document is deemed filed on the date the judge receives it." Ariz. R. Crim. P. 1.7(b)(1); *see also State v. Johnson*, 182 Ariz. 73, 74 (App. 1995) (superior court substantially complied with the rules when the judge signed the order on the date he received it and forwarded the order to the clerk's office on the next business day).

¶20          Here, the record supports that the superior court substantially complied with Rule 1.7. The judge signed the order extending probation to December 26, 2021, on December 12, 2018, nearly a month before Davis' probation was set to expire in January. Although the order was not transmitted to the clerk's office until after January 7, the date Davis' probation was previously set to expire, nothing in the rules or our caselaw imposes a time limit on when a judge may transmit an order to the clerk.

Because the order is deemed filed in December 2018, the superior court had jurisdiction to extend Davis' probation until December 26, 2021.

**¶21**      For the first time on appeal, Davis argues that she received insufficient notice of the 2018 probation extension, thereby violating her due process rights. *See Korzuch*, 186 Ariz. at 194 (Rule 27.7(c)(2) and due process require that a probationer receive written notice when a court extends probation). However, because the superior court had jurisdiction to extend probation, the 2018 order is voidable, not void. Davis never challenged the extension—in fact, she agreed her probation expired in December 2021 during an October 2019 hearing—and the time for an appeal or post-conviction relief proceeding from any error in the order has passed. Thus, the issue is untimely, and our court lacks jurisdiction to consider it.

## CONCLUSION

**¶22**      For the above reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA